UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
SHELDON G. ADELSON,

                        Plaintiff,                    Case No. 12-Civ-6052-JPO
                                                                   ECF Case

      v.

DAVID A. HARRIS, MARC R. STANLEY, and        **DECLARATION OF**
NATIONAL JEWISH DEMOCRATIC COUNCIL,       **L. LIN WOOD**

                        Defendants.
-----------------------------------------------------------------------

I, L. Lin Wood, declare as follows:

1. I am a partner at Wood, Hernacki & Evans, LLC, counsel for Plaintiff Sheldon G. Adelson ("Plaintiff") in this action. I am duly admitted to practice law in the State of Georgia, and admitted *pro hac vice* in the above-captioned matter.

2. I make this declaration in support of and to explain relevant facts underlying Plaintiff's Rule 56(d) Motion for Discovery to Respond to Defendants' Special Motion to Dismiss.

3. Because of Defendants' pending special motions to dismiss pursuant to the anti-SLAPP statutes of Nevada (the "Nevada Act") and the District of Columbia (the "D.C. Act"), Plaintiff has been barred from obtaining discovery from Defendants.

4. Therefore, Plaintiff has been prevented from obtaining discovery from Defendants regarding their state of mind when they published the July 5, 2011 petition (the "Petition"), attached as Exhibit A to the Complaint, and the July 11, 2011 statement affirming and republishing the Petition (the "Statement" or "Republication"), attached to the Complaint as Exhibit C.

5. By pursuing discovery from Defendants regarding their state of mind, Plaintiff

1

will gain evidence as to the extent to which Defendants knew of the falsity of the allegation that Plaintiff "'personally approved' of prostitution in his Macau casinos," when Defendants published the Petition and Republication.

6. The facts showing that Defendants published the Petition and Republication with knowledge of falsity are essential to opposing Defendants' special motion to dismiss pursuant to the Nevada Act (the "Special Motion to Dismiss") because, *inter alia*, the Nevada Act only protects "good faith" statements, which are defined as statements that are "truthful or . . . made without knowledge of its falsehood." Nev. Rev. Stat. § 41.637.

7. Defendants argue that the Petition and Republication were made without knowledge of falsity regarding the allegation that Plaintiff personally approved of prostitution, (Dkt. No. 57 at 10-17); and Defendants David A. Harris and Marc R. Stanley submitted declarations in support of the Special Motion to Dismiss, declaring that they did not believe that the prostitution allegation was false, (Dkt. No. 59 at ¶ 7; No. 60 at ¶ 6).

8. Accordingly, Plaintiff can reasonably create a genuine issue of material fact by obtaining evidence that, contrary to Defendants' argument and declarations, Defendants had knowledge of falsity when they published the Petition and Republication.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 21st day of May, 2013.

                                          /s/ L. Lin Wood
                                          L. Lin Wood

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2013, a true and correct copy of the foregoing **Declaration of L. Lin Wood** was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the following counsel of record:

> Lee Levine
> Gayle Sproul
> Chad R. Bowman
> Seth D. Berlin
> Rachel F. Strom
> **LEVINE SULLIVAN KOCH & SCHULZ, LLP**
> 321 West 44th Street, Suite 510
> New York, New York 10036
> Telephone: 212-850-6100
> llevine@lskslaw.com
> gsproul@lskslaw.com
> cbowman@lskslaw.com
> sberlin@lskslaw.com
> rstrom@lskslaw.com

/s/ L. Lin Wood