UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------
SHELDON G. ADELSON,

                           Plaintiff,                        Case No. 12-Civ-6052-JPO
                                                              ECF Case

   v.

DAVID A. HARRIS, MARC R. STANLEY, and
NATIONAL JEWISH DEMOCRATIC COUNCIL,

                           Defendants.
----------------------------------------------------------------------

### Reply Memorandum of Law in Support of Plaintiff's Rule 56(d) Motion for Discovery to Respond to Defendants' Special Motion to Dismiss

COMES NOW Plaintiff Sheldon G. Adelson ("Plaintiff" or "Mr. Adelson"), and files this Reply Memorandum of Law in Support of Plaintiff's Rule 56(d) Motion for Discovery, requesting this Court to defer any summary judgment determination in this matter until Plaintiff has conducted necessary discovery, showing the Court as follows:

### INTRODUCTION

As Plaintiff has explained in his Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss and Nevada Anti-SLAPP Motion, the Nevada anti-SLAPP statute (the "Nevada Act") does not apply to Plaintiff's claims. (Dkt. No. 62 at 2-20.) However, if the Court disagrees and determines that the Nevada Act applies, then the Court should permit discovery to rebut Defendants' contention and declarations that they acted without knowledge of falsity when they published their Petition and Statement. Defendants' opposition to this Rule 56(d) Motion in no way disturbs the fact that Plaintiff is entitled to discovery in order to respond to Defendants' anti-SLAPP motion.

## ARGUMENT

Defendants make two fundamental arguments in opposition to Plaintiff's Rule 56(d) motion: (1) the Complaint and undisputed facts show that Defendants acted without knowledge of falsity, thus discovery is unwarranted; and (2) Plaintiff's Rule 56(d) Declaration only speculates as to the facts that would be obtained through discovery and how such discovery could create a genuine issue of material fact. Neither argument is meritorious.

Before turning to their arguments, it is worth noting what Defendants ignore: when the Nevada Act is at issue, federal courts routinely grant discovery into whether a defendant made a "good faith" communication.  *See, e.g.*, *Rebel Commc'ns, LLC v. Virgin Valley Water Dist.*, No. 2:10-CV-0513-LRH-PAL, 2011 WL 3841340, at *1-2 (D. Nev. Aug. 25, 2011) (holding that "in federal court, a plaintiff is <u>entitled</u> to seek limited discovery to oppose an anti-SLAPP motion" filed pursuant to the Nevada Act) (emphasis added); *Pacquiao v. Mayweather*, No. 2:09-CV-2448-LRH-RJJ, 2010 WL 1439100, at *1 (D. Nev. Apr. 9, 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (same); *cf. Flores v. Emerich & Fike*, 385 F. App'x 728, 731 (9th Cir. 2010) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001)) ("[R]ecognize[ing] that the party opposing an anti-SLAPP motion need not have 'proffer[ed] sufficient facts to show that the evidence sought exists, and that [the evidence] would prevent summary judgment.'"); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J., concurring) (opining that a defendant should be forced to "disclose adverse facts before [he] may challenge plaintiff's case for factual sufficiency").

In federal court, denying discovery to a plaintiff facing a Nevada Anti-SLAPP motion is the exception, not the rule. Defendants cite a single Nevada Anti-SLAPP case in which a federal court denied discovery, *Haack v. City of Carson City*, No. 3:11-CV-00353-RAM, 2012 WL

3638767 (D. Nev. Aug. 22, 2012).  The court denied discovery because the plaintiff failed to "provide a declaration or otherwise request that he be afforded an opportunity to conduct discovery in order to oppose" the pending anti-SLAPP motion. *Id.* at *6.

Here, Plaintiff has both submitted a declaration and specifically requested discovery to oppose Defendants' anti-SLAPP motion.  (Dkt. Nos. 65-67.) Accordingly, limited discovery into the Defendants' mental state when publishing their defamatory statements should be granted, particularly because this information is "solely within their control." *Pacquiao*, 2010 WL 1439100, at *1.

I. **Plaintiff Has Alleged and Established Sufficient Facts to Warrant Discovery**

Regarding Defendants' first argument, not only do the Complaint and the ostensible undisputed facts show that Defendants acted with knowledge of falsity, the Second Circuit allows for discovery even when a plaintiff fails to allege facts supporting an essential element of his claim.

A. **The Allegations and Evidence Do No Foreclose Plaintiff's Ability to Show Knowledge of Falsity**

Defendants contend that because they relied on the AP Article, which described Jacobs' declaration, they acted without knowledge of falsity.[1] Defendants rely heavily on *Schatz v. Republican State Leadership Committee*, 669 F.3d 50 (1st Cir. 2012), in which a defamation action was dismissed when the defendant's publication was sourced from credible news reports.

---

[1] Importantly, Defendants attempt to establish this proposition by citing actual malice cases and arguing that Plaintiff must meet a higher bar than the plaintiffs in those cases. Specifically, Defendants argue that the "reckless disregard of the truth" standard for actual malice is "more lenient" than the "knowledge of falsity" standard, but they ignore that knowledge of falsity is subject a lower burden of proof—i.e., clear and convincing evidence for the former versus preponderance of the evidence for the latter.  *See, e.g.*, Nev. Rev. Stat. §§ 41.635-660 (making no attempt to disturb the preponderance of the evidence standard that is the default for civil litigation); *John v. Douglas Cnty. Sch. Dist.*, 125 Nev. 746, 752-62 (2009) (making no mention of the "clear and convincing" burden of proof). Thus, "knowledge of falsity" presents a lower bar because it can be shown by a preponderance of the evidence.

(Dkt No. 72 at 22 (discussing *Schatz*, 699 F.3d at 58).) Defendants miss the point. The issue is whether Jacobs (not the Associated Press) was a reliable source for the defamatory statements that Mr. Adelson "personally approved of prostitution" and that his money was "dirty" and "tainted." Jacobs clearly was not. As the Complaint alleges and Defendants admitted, Jacobs was an unreliable, incredible, and biased adversary of Mr. Adelson, who was known for making vicious personal attacks against him. (Dkt. No. 1 at ¶¶ 73-80; Dkt. No. 68 at ¶ 15.)  The fact that Defendants learned of Jacobs' dubious accusations in an AP Article does not alone establish their purported "good faith."  *Cf. Schatz*, 669 F. 3d at 58 ("[A]ctual malice may be found where the defendant relies on a source when there is an obvious reason to doubt its veracity.") (internal quotation marks omitted).

Moreover, the Complaint alleges and Defendants admit to a rash of conduct that belies their contentions regarding knowledge of falsity: Defendants refused to provide Mr. Adelson an opportunity to respond to the Petition or Statement; they published statements so inherently improbable and outrageous as to raise serious doubts about the truth; they knowingly and purposefully avoided and ignored evidence prior to publication; they published statements that clearly contradicted known facts; and they failed to conduct even a cursory investigation prior to publication. (Dkt. No. 1 at ¶¶ 73-80; Dkt. No. 68 at ¶ 15); *see Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 183 (2d Cir. 2000) (noting that bias of a source, unreliability of a source, and unbelievable nature of a story are all evidence of actual malice, and that reckless conduct may be evidenced in part by failure to investigate thoroughly and verify the facts—particularly where the material is harmful or damaging to the plaintiff's reputation or good name, or where the information is from a source known to be hostile to the plaintiff).

Defendants also argue that Jacobs' clear ill-will does not change the analysis, particularly because his accusations were made in a sworn declaration.  Defendants do not cite any authority for the proposition that relying on a sworn statement forecloses actual malice. (Dkt. No. 72 at 22-23.)  And Defendants elide that the allegations, to which they admitted, point to far more than Jacobs' ill-will—namely, his unreliable and mendacious nature, and the utter implausibility of his accusations. (Dkt. No. 1 at ¶¶ 75-79; Dkt. No. 68 at ¶ 15.) Moreover, even if ill-will alone does not establish reckless disregard (or knowledge of falsity), it is probative. *Cf. Hocthner v. Castillo-Puche*, 551 F.2d 910, 914 (2d Cir. 1977) (citing *Goldwater v. Ginzburg*, 414 F.2d 324, 342 (2d Cir. 1969)) ("Knowledge of an author's ill-will does not by itself prove knowledge of probable falsity.").  As the Second Circuit held in *Goldwater*, "There is no doubt that evidence of negligence, of motive [including ill-will] and of intent may be adduced for the purpose of establishing, by cumulation and by appropriate inferences, the fact of a defendant's recklessness or of his knowledge of falsity."  *Godwater*, 414 F.2d at 342 (citing *Curtis Publ'g Co. v. Butts*, 388 U.S. 130 (1967)) (emphasis added).[2]

Moreover, Plaintiff's allegations regarding Defendants' knowledge of falsity of the Statement are even stronger because Professor Dershowitz explicitly informed Defendant Harris that Jacobs' accusations were bogus. (Dkt. No. 1 at ¶¶ 64-65; Dkt. No. 64.)

---

[2] *Goldwater* lends further support to Plaintiff's position, as it held that actual malice can be found even when the defendant relied on a newspaper:

> Reliance upon newspaper articles, books, and campaign literature, and upon accurate reprinting of another's letter are only factors which, with other factors, are probative of whether the publisher of the cumulated material was motivated by actual malice when he caused the full material to be published. Repetition of another's words does not release one of responsibility if the repeater knows that the words are false or inherently improbable, or there are obvious reasons to doubt the veracity of the person quoted or the accuracy of his reports.

*Goldwater*, 414 F.2d at 338 (citing *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)).

Finally, Defendants omit a key detail when they contend that discovery is unwarranted because the material facts are purportedly undisputed. Only a limited set of facts are before the court—a set of facts that are decidedly one-sided because Plaintiff has been barred from conducting thorough and sifting discovery into Defendants' state of mind. The very point of Rule 56(d) is to protect a party from summary judgment based on one-sided facts and to force the summary-judgment movant to "disclose adverse facts before [he] may challenge plaintiff's case for factual sufficiency." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274 (9th Cir. 2013) (Kozinski, J., concurring).

**B. Discovery is Warranted Even if the Allegations and Current Evidence Do Not Show Knowledge of Falsity**

Assuming, *arguendo*, that the allegations and facts to which Defendants admitted do not show knowledge of falsity, Plaintiff must still be given the opportunity to conduct discovery. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Thus, for example, the Second Circuit vacated a judgment and ordered discovery when a plaintiff was deprived of the opportunity to engage in discovery, despite the complaint failing to allege one of the essential predicates of plaintiff's claim. *Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 387 (2d Cir. 2001). In so doing, the Second Circuit rejected the unjustifiable requirement that a plaintiff "possess every fact needed to prove the essential elements of the claim (and more) at the time of the complaint without any opportunity for discovery." *Id.* at 386.[3]

---

[3] Interestingly, *Commercial Cleaning* did not hinge on whether the plaintiff requested discovery, thus implying that it is reversible error to grant summary judgment against a plaintiff who has had no opportunity to conduct discovery, even if the plaintiff never moved for Rule 56(d) relief. *See* 271 F.3d at 386-87; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (holding that party

## II.      **Plaintiff Met Rule 56(d)'s Requirements**

Plaintiff's Rule 56(d) Declaration satisfies his burden of showing "'(1) the nature of the uncompleted discovery; (2) how the facts sought are reasonably expected to create a genuine issue of material fact; (3) what efforts the [declarant] has made to obtain those facts; and (4) why those efforts were unsuccessful.'" *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, --- F. Supp. 2d ---, 2013 WL 372162, at *11 (S.D.N.Y. Jan. 31, 2013) (quoting *Hoffman v. Airquip Heating & Air Conditioning*, 480 F. App'x 110, 112 (2d Cir. 2012)).

Defendants contend that Plaintiff's Rule 56(d) Declaration only speculates as to the facts that would be obtained through discovery and how such discovery could create a genuine issue of material fact. But Defendants advocate for an unreasonably high bar. A "plaintiff cannot be faulted for failing to advise the district court precisely what information he might learn during discovery [when] the facts sought [are] exclusively within defendants' possession and . . . he had no previous opportunity to develop the record through discovery." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003); *accord Alali v. DeBara*, 07-CV-2916(CS), 2008 WL 4700431 (S.D.N.Y. Oct. 24, 2008) ("This Court will not hold Plaintiff to a high standard of precision in describing what information he hopes to obtain because the information sought is at least largely in the Defendants' possession, and Plaintiff has not had the opportunity to develop the record through discovery."); *Rogers v. Home Shopping Network, Inc.,* 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999) (recognizing that courts have allowed discovery pursuant to Rule 56(d), even when the party moving for discovery has "no clear idea of what specific facts they hope to obtain to overcome a summary-judgment motion").

---

opposing summary judgment must have "had the opportunity to discover information that is essential to his opposition").

In challenging whether Plaintiff's Rule 56(d) Declaration was sufficiently specific, Defendants rely on cases in which the party seeking discovery had already engaged in discovery or failed to pursue available discovery; essentially, the courts would not help parties that failed to help themselves. (Dkt. No. 72 at 23-24 (citing *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004) (affirming denial of Rule 56(d) motion by plaintiff who had the benefit of two-months of discovery and sought irrelevant material); *Hoffmann*, 480 F. App'x at 112 (affirming denial of Rule 56(d) motion when plaintiff, *inter alia*, failed to conduct discovery in the time provided); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 995 F.2d 375, 377 (2d Cir. 1993) (affirming denial of Rule 56(d) motion when movants had requested the long initial delay in discovery that prevented them from obtaining discovery).)

Unlike the parties in the cases above, through no fault of his own, Plaintiff has been absolutely barred from obtaining any discovery in this matter. Thus, Plaintiff has been denied any opportunity to formulate an understanding of the universe of evidence in Defendants' possession regarding good faith. Instead of peppering the Rule 56(d) Declaration with Plaintiff's counsel's impressions of the unknown, Plaintiff's counsel described that which is clear: (1) the requested discovery would delve into Defendants' knowledge of falsity when they published the Petition and Statements; (2) the requested discovery could create a genuine issue of material dispute as to Defendants' purported good faith; (3) Plaintiff has been barred from making any effort to obtain the discovery (save for filing this Motion); and (4) the Nevada Act is to blame. (Dkt. No. 67 at ¶¶ 3-8.) Plaintiff's showing is sufficient given the degree to which he has been hamstrung by an absolute discovery bar; accordingly, if the Court applies the Nevada Act, Plaintiff is entitled to conduct discovery into Defendants' state of mind.

## CONCLUSION

Before Defendants can put Plaintiff to a factual test of his claims, Defendants should be forced to disclose adverse facts. Although Defendants contend that they could not have known the about the falsity of their statements, Plaintiff must be given the opportunity to peer into Defendants' conduct and develop the circumstantial evidence that will reveal their utter lack of good faith.

Dated: July 18, 2013

Respectfully submitted,

/s/ L. Lin Wood

L. Lin Wood (*pro hac vice*)
lwood@whetriallaw.com
Georgia Bar No. 774588
Amy M. Stewart (*pro hac vice*)
astewart@whetriallaw.com
Georgia Bar No. 141481
Jonathan D. Grunberg (*pro hac vice*)
Georgia Bar No. 869318
jgrunberg@whetriallaw.com
**Wood, Hernacki & Evans, LLC**
1180 West Peachtree Street N.W.
Suite 2400
Atlanta, Georgia 30309

- and -

David M. Olasov
dolasov@olasov.com
**Olasov + Hollander LLP**
27th Floor
1325 Avenue of the Americas
New York, NY 10019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of July, 2013, a true and correct copy of the

foregoing **Reply Memorandum of Law in Support of Plaintiff's Rule 56(d) Motion for**

**Discovery to Respond to Defendants' Special Motion to Dismiss** was filed with the Court

through the ECF-CM electronic filing system, which will automatically serve electronic notice of

the same on the following counsel of record:

> Lee Levine
> Gayle Sproul
> Chad R. Bowman
> Seth D. Berlin
> Rachel F. Strom
> **LEVINE SULLIVAN KOCH & SCHULZ, LLP**
> 321 West 44th Street, Suite 510
> New York, New York 10036
> Telephone: 212-850-6100
> llevine@lskslaw.com
> gsproul@lskslaw.com
> cbowman@lskslaw.com
> sberlin@lskslaw.com
> rstrom@lskslaw.com