UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHELDON G. ADELSON,

Plaintiff,

v.

DAVID A. HARRIS, MARC R. STANLEY, and
NATIONAL JEWISH DEMOCRATIC COUNCIL,

Defendants.

---

Case No. 12-Civ-6052-JPO
ECF Case

**Memorandum of Law in Support of Plaintiff's Motion to File Supplemental Authority**

COMES NOW Plaintiff Sheldon Adelson ("Plaintiff"), and files this Memorandum of Law in Support of Plaintiff's Motion to File Supplemental Authority. Defendants filed a special motion to dismiss this action pursuant to the Nevada anti-SLAPP law, Nev. Rev. Stat. §§ 41.635 et seq. (Dkt. No. 56.) "The preferred procedure for bringing supplemental authority to the Court's attention is through a motion for leave to file supplemental authority." *Wanamaker v. Town of Westport Bd. of Educ.*, No. 3:11CV1791 MPS WIG, 2013 WL 3766592, at *1 (D. Conn. July 16, 2013).

On May 21, 2013, Plaintiff filed a memorandum of law in opposition to Defendants' special motion to dismiss. (Dkt. No. 62.) Shortly thereafter, on May 27, 2013, Nevada enacted a bill amending the Nevada anti-SLAPP law, 2013 Nev. Laws Ch. 176 (S.B. 286) (enacted May 27, 2013; effective Oct. 1, 2013) (attached hereto as "Exhibit 1"). In the bill, Nevada's legislature addresses an issue presented by Defendants' special motion to dismiss pursuant to the Nevada anti-SLAPP law: i.e., whether the iteration of the anti-SLAPP law that applies to this action only protects communications made directly to governmental agencies. *Id.* The bill states

that "[t]he Ninth Circuit Court of Appeals recently held that the provisions of NRS concerning such lawsuits only protect communications made directly to a governmental agency." *Id.* The legislature thus amended the law to cover a broader range of communications, including those made to non-governmental entities or individuals:

> Section 2 of this bill expands the scope of that immunity by providing that a person who exercises the right to free speech in direct connection with an issue of public concern is also immune from any civil action for claims based upon that communication.
> . . . .
> . . . Section 1 of this bill includes within the meaning of such communications those that are made in direct connection with an issue of public interest in a place open to the public or in a public forum.

*Id.*

Therefore, pursuant to this Court's inherent authority to control the cases on its docket, *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958), Plaintiff respectfully requests that the Court take notice of the attached bill amending the Nevada anti-SLAPP law, 2013 Nev. Laws Ch. 176 (S.B. 286), and that the Court consider this new supplemental authority when adjudicating Defendants' special motion to dismiss pursuant to the Nevada anti-SLAPP law. (Dkt. No. 56.)

Dated: July 24, 2013

Respectfully submitted,

/s/ L. Lin Wood
L. Lin Wood (*pro hac vice*)
lwood@whetriallaw.com
Georgia Bar No. 774588
Amy M. Stewart (*pro hac vice*)
astewart@whetriallaw.com
Georgia Bar No. 141481
Jonathan D. Grunberg (*pro hac vice*)
Georgia Bar No. 869318
jgrunberg@whetriallaw.com
**Wood, Hernacki & Evans, LLC**
1180 West Peachtree Street N.W.

Suite 2400
Atlanta, Georgia 30309

- and -

David M. Olasov
dolasov@olasov.com
**Olasov + Hollander LLP**
27th Floor
1325 Avenue of the Americas
New York, NY 10019

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2013, a true and correct copy of the foregoing **Memorandum of Law in Support of Plaintiff's Motion to File Supplemental Authority** was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the following counsel of record:

Lee Levine
Gayle Sproul
Chad R. Bowman
Seth D. Berlin
Rachel F. Strom
**LEVINE SULLIVAN KOCH & SCHULZ, LLP**
321 West 44th Street, Suite 510
New York, New York 10036
Telephone: 212-850-6100
llevine@lkslaw.com
gsproul@lkslaw.com
cbowman@lkslaw.com
sberlin@lkslaw.com
rstrom@lkslaw.com

/s/ L. Lin Wood