UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------
SHELDON G. ADELSON,                               :
                                                  :
                              Plaintiff,    :   Case No. 12-Civ-6052-JPO
                                                  :
v.                                                :   ECF Case
                                                  :
DAVID A. HARRIS, MARC R. STANLEY, and             :
NATIONAL JEWISH DEMOCRATIC COUNCIL,               :
                                                  :
                             Defendants.   :
------------------------------------------------------------------------

## DEFENDANTS' STATEMENT OF NON-OPPOSITION
## TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AUTHORITY

Plaintiff's Motion purports to call the Court's attention to "new" authority, an amendment to the Nevada Anti-SLAPP Statute that takes effect on October 1, 2013. Since Defendants had already cited that amendment, it is neither "new" nor "supplemental." *See* Dkt. 72 at 9-10 ("Indeed, the Nevada legislature recently responded to decisions limiting application of its anti-SLAPP statute by amending the law again, both to reaffirm its intent to protect speech beyond directly petitioning the government and to expand even further the statute's protections – including by adding a *fourth* prong protecting speech addressing any "issue of public concern," even if unrelated to government. *See* S.B. 286 – 2013 (enacted May 27, 2013; effective Oct. 1, 2013)."). For the same reason, however, defendants do not oppose the plaintiff's submission of a copy of that statutory authority.

It appears, however, that plaintiff's purpose in calling the Court's attention to S.B. 286 – 2013 is to suggest that the predecessor version of the Nevada anti-SLAPP law, which governs this case, "only protects communications made directly to governmental agencies," because the

1

amendment expressly expands the statute's reach and does so ostensibly in response to a judicial decision narrowly interpreting the statute in that manner. *See* Pl's. Mem. at 1-2.[1] With respect, plaintiff has it exactly backwards. The Nevada Supreme Court has repeatedly held that "when the legislature resolves ambiguity or doubtful interpretation in a statute by amendment, that amendment is evidence of the legislature's intent in the original statute." *Galvan v. State*, 655 P.2d 155, 156 (Nev. 1982); *see also, e.g.*, *In re Christensen*, 149 P.3d 40, 47 (Nev. 2006) (same); *Adm'r of Real Estate Educ., Research & Recovery Fund v. Buhecker*, 945 P.2d 954, 956 (Nev. 1997) (same); *Sheriff, Washoe Cty. v. Smith*, 542 P.2d 440, 443 (Nev. 1975) (same). The amended statute, therefore, confirms the Legislature's belief that the previous decisions on which plaintiff has relied for its narrow construction of the statute's reach are incorrect and that the contrary precedent cited by defendants accurately reflects "the legislature's intent in the original statute." *Galvan*, 655 P.2d at 156.

---

[1] That judicial decisions have reached varying conclusions on this issue has been addressed at length in the parties' prior briefing. As a result, plaintiff is well aware that his quotation from the legislative history to the effect that the Ninth Circuit had held that the statute "only protect[s] communications made directly to a government agency" is incorrect. *See* Pl's Mem. at 1-2 ("'[t]he Ninth Circuit Court of Appeals recently held that the provisions of NRS concerning such lawsuits only protect communications made directly to a government agency.'") (quoting legislative history). The referenced case, *Metabolic Research, Inc. v. Ferrell*, did *not* hold that the anti-SLAPP statute is limited to direct petitioning; it merely notes, in passing, that the *district court* had so concluded. 693 F.3d 795, 798 (9th Cir. 2012). In fact, the Ninth Circuit dismissed that interlocutory appeal for lack of jurisdiction without reaching the merits of the case or ruling on the statute's scope. *Id.* at 796-77.

Dated:   July 25, 2013		Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By:  /s/ Seth D. Berlin
   Lee Levine (*pro hac vice*)
   Gayle C. Sproul
   Seth D. Berlin
   Chad R. Bowman (*pro hac vice*)
   Rachel F. Strom
321 West 44th Street, Suite 1000
New York, New York 10036
Telephone: 212-850-6100
llevine@lskslaw.com
gsproul@lskslaw.com
sberlin@lskslaw.com
cbowman@lskslaw.com
rstrom@lskslaw.com

*Counsel for Defendants David A. Harris, Marc R. Stanley and National Jewish Democratic Council*