UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELDON G. ADELSON, Plaintiff, | |
| | Case No. 12-Civ-6052-JPO |
| v. | |
| | **ECF Case** |
| DAVID A. HARRIS, MARC R. STANLEY, and NATIONAL JEWISH DEMOCRATIC COUNCIL, | **STATEMENT OF DEFENDANTS' ATTORNEYS' FEES AND EXPENSES** |
| Defendants. | |

Defendants David A. Harris, Marc R. Stanley, and the National Jewish Democratic Council ("NJDC") (collectively, "defendants") respectfully submit this Statement of their Attorneys' Fees and Expenses pursuant to the Nevada Anti-SLAPP Act, Nev. Rev. Stat. § 41.670(1), in accordance with this Court's Opinion and Order dated September 30, 2013 ("Opinion").

Because the Court is sitting in diversity, and has determined that Nevada law applies to this action, *see* Opinion, 2013 WL 5420973, at *4-9, Nevada law "governs the award of attorneys' fees" in this case. *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) (holding that state law governs award of fees under anti-SLAPP statute in diversity cases). *See also Vestin Realty Mortg. II, Inc. v. Klaas*, 2013 WL 1411852, at *1 (S.D. Cal. Apr. 8, 2013) (applying Nevada law) (concluding that, because "the state substantive law properly applied in determining the right to fees in a diversity case, . . . state substantive law is also applied in determining the proper method of calculating the amount of the award"). Although Nevada law provides the substantive law the Court must apply, the forum's prevailing hourly rates are typically the appropriate touchstone for its application. *See Simmons v. NYC Transit Auth.*, 575 F.3d 170, 174

(2d Cir. 2009) (courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee") (internal quotation marks and citations omitted); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190-94 (2d Cir. 2007) (explaining the "forum rule"); *Klaas*, 2013 WL 1411852, at *2 (applying Nevada law but using San Diego's prevailing hourly rates to determine fee award for San Diego-based attorneys).

The relevant provision of the Nevada anti-SLAPP statute directs the Court to "award reasonable costs and attorney's fees to the person against whom the action was brought" when the Court grants a special motion to dismiss, as it did here. Nev. Rev. Stat. § 41.670(1). As the Supreme Court of Nevada explained in *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530 (Nev. 2005):

> "[T]he method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." Accordingly, in determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, including those based on a "lodestar" amount or a contingency fee. We emphasize that, whichever method is chosen as a starting point, however, the court must continue its analysis by considering the requested amount in light of the factors enumerated by this court in *Brunzell v. Golden Gate National Bank*, namely, the advocate's professional qualities, the nature of the litigation, the work performed, and the result. In this manner, whichever method the court ultimately uses, the result will prove reasonable as long as the court provides sufficient reasoning and findings in support of its ultimate determination.

124 P.2d at 548-49 (footnotes and citations omitted) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)). *See also Miller v. Wilfong*, 119 P.3d 727, 730 (Nev. 2005) ("[W]hile it is within the trial court's discretion to determine the reasonable amount of attorney fees under a statute or rule, in exercising that discretion, the court must evaluate the factors set forth in *Brunzell v. Golden Gate National Bank*."). As noted in *Shuette*, the *Brunzell* factors are:

> "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived."

*Brunzell*, 455 P.2d at 33 (citation omitted). A court is obliged to consider each factor and "'no one element should predominate or be given undue weight.'" *Id.* (citation omitted).[1]

The fact that an actual fee has already been charged to and paid by a client is a strong indicator of the reasonableness of the requested amount. *See*, *e.g.*, *Lyons P'ship, L.P.*, 702 F. Supp. 2d at 121 ("The actual fee arrangement between a party and its counsel is relevant evidence of what constitutes a reasonable fee."); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190 ("The reasonable hourly rate is the rate a paying client would be willing to pay."); *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) (emphasizing, in the context of a copyright infringement claim, that "[t]he

[1] Just as there is not one single criterion for the assessment of the reasonableness of the attorneys' fees and costs to be awarded, there is no single method that must be employed by the prevailing party to prove those fees and costs. "[T]he court's determination [of the reasonableness of the fees] is based on the documentary evidence submitted to it in a post-judgment motion." *Shuette*, 124 P.3d at 547; *see also Miller*, 119 P.3d at 730 ("parties seeking attorney fees . . . must support their fee request with affidavits or other evidence that meets the factors in *Brunzell*"); *Sandy Valley Assocs. v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964, 969 & n.10 (Nev. 2001) (noting that attorneys' fees properly may be proven by affidavit), *abrogated on other grounds by Horgan v. Felton*, 170 P.3d 982 (Nev. 2007). Further, "whichever method the court ultimately uses [for calculating a reasonable fee award], the result will prove reasonable as long as the court provides sufficient reasoning and findings in support of its ultimate determination." *Shuette*, 124 P.3d at 549; *see also Stubbs v. Strickland*, 297 P.3d 326, 330 n.1 (Nev. 2013). Similarly, in the Second Circuit, a party seeking fees may submit actual billing records or "summaries accompanied by affidavits stating that the summaries are accurate and based on contemporaneous records. These records should specify, for each attorney, the date, hours expended, and the nature of work. It is not required that counsel describe in great detail how the time was spent, rather it is sufficient to identify the general subject matter of time expenditures." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 120 (E.D.N.Y. 2010) (citing *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160 (2d Cir. 1994); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Perdue v. City Univ. of N.Y.*, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998)). As noted in the accompanying declaration of Lee Levine, the billing records summarized in his Declaration and the charts accompanying it were contemporaneously maintained and billed in increments of one tenth of an hour on a daily basis. Declaration of Lee Levine ("Levine Dec.") ¶ 18.

actual billing arrangement certainly provides a strong indication of what private parties believe is the "'reasonable' fee to be awarded"); *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, 2004 WL 213032, at *4 (S.D.N.Y. Feb. 3, 2004) (finding law firm's rates reasonable and reducing fees sought under Copyright Act only by amount client did not pay); *Stevens v. Aeonian Press, Inc.*, 2002 WL 31387224, at *5 (S.D.N.Y. Oct. 23, 2002) (in copyright case, "acceptance of the rates charged is another indication of their reasonableness"); *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (granting fee application under the Copyright Act where "the rates sought by this application are the rates charged the client. . . . Its acceptance of the rates charged is in itself substantial evidence of their reasonableness.").

That is particularly so where, as in this case, the prevailing party is not a plaintiff not otherwise obligated to pay its counsel at all, but rather a defendant who not only did not choose to initiate litigation, but was compelled both to defend it and to compensate its counsel on a contemporaneous basis with no guarantee that those fees would ultimately be reimbursed by the plaintiff. As this Court observed in *Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.*, 212 F. Supp. 2d 226, 230-31 (S.D.N.Y. 2002):

> In assessing the reasonableness both of the hourly rates and of the time spent, the Court is cognizant of the fact that the fees sought here are not hypothetical amounts prepared only for purposes of a fee application. Rather, they are embodied in invoices prepared as the litigation progressed, and actually paid by the Sponsor [the prevailing party], a sophisticated client familiar with the real estate and legal markets in New York. The Sponsor could not have been assured that it would be awarded fees at the end of the litigation; rather, in the event of a loss or a settlement, it would have had to bear those fees unreimbursed. As numerous courts have recognized, negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market. . . . Certainly, the Sponsor could have found cheaper lawyers, but it was not required to do so. The Sponsor chose *these* lawyers, agreed to be responsible for their fees, and paid them, without regard to whether the fees would be recovered at the end of the case.

Id. at 230-31 (emphasis in original). *Cf. Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("Courts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about market value; it *is* market value. Although courts interpolate the word 'reasonable' into clauses of this kind, the best guarantee of reasonableness is willingness to pay.").

Along with this submission, defendants have provided to the Court substantial evidence from which to evaluate, pursuant to the *Brunzell* factors, the fees and expenses actually incurred, billed and paid in the defense of this case:

1. First, the Declaration of Lee Levine, the lead lawyer for the defendants, sets out in detail the nature of the defense, which, as the Court is aware, required extensive investigation, research and briefing on a host of issues and the preparation of four substantive motions, as well as oppositions to two affirmative motions filed by the plaintiff. In addition, the Levine Declaration details the qualifications of the defense lawyers and the nature of the fee arrangement under which they worked. The Declaration also contains a summary of all of the work performed by category, timekeeper and hours billed, and incorporates a chart which sets out in detail by category of work all of the hours billed by each timekeeper. Levine Dec., Ex. A. A second chart sets out all of the out-of-pocket expenses actually incurred, billed and paid in the defense of the case. *Id.*, Ex. B.

2. Second, defendants submit the Declaration of Slade R. Metcalf, who, until his retirement from the practice of law in 2012, was one of the most prominent members of the relevant defense bar in both New York and the country. Mr. Metcalf's declaration details his knowledge of the professional reputation and abilities of defense counsel, the reasonableness of

the fees charged and the work performed in the context both of the effort expended and the local market, and his understanding of the difficulty and importance of the issues raised.

3. Third, defendants offer the Declaration of defendant Marc Stanley, himself a seasoned trial lawyer, who explains his rationale for hiring defense counsel, his approval of their fees in this case, and his satisfaction with the outcome they achieved.

4. Finally, defendants offer the Declaration of Amy M. Baker, an attorney and Major Case Specialist in the Business Torts Claim Unit of The Travelers Indemnity Company ("Travelers"), defendants' insurer in this action. Ms. Baker has been employed by Travelers for twenty years and has supervised a wide range of cases raising significant exposures nationwide. In her declaration, Ms. Baker describes both her procedure in handling and approving the payment of legal fees and the manner in which she did so here. In addition, Ms. Baker confirms that Travelers has paid in full all invoices tendered by defense counsel for which reimbursement to Travelers is now requested.

Based on the *Brunzell* factors, defendants respectfully submit that a full award of all fees and expenses actually incurred, billed and paid is warranted here. First, the record establishes that the "qualities of the advocate[s]" are of the highest order. Metcalf Dec. ¶¶ 17-20, 24-26; Levine Dec. ¶¶ 10-11, 15-16. Second, "the character of the work to be done" was, as the Court's Opinion makes clear, challenging, "difficult[] . . . intricat[e] [and] important," requiring extensive "skill [and] time." Moreover, the plaintiff's well-known aggressive stance in litigation and the resources he could bring to bear certainly "affect[ed] the importance of the litigation" and required a committed defense. Stanley Dec. ¶¶ 4, 8; Baker Dec. ¶ 5. Third, the record details the extensive work required to mount such a defense and demonstrates that defense counsel devoted the "skill, time and attention" necessary to ensuring a successful result. Metcalf

Dec. ¶¶ 24-26; Levine Dec. ¶¶ 2-9, 17; Stanley Dec. ¶¶ 4, 8; Baker Dec. ¶¶ 6-8. And, that defense was successful in obtaining a complete dismissal of the case and an award of counsel fees.

Finally, the Court should not lose sight of the context in which this fee application is made. As the preamble to the Nevada Anti-SLAPP Act explains:

> SLAPPs are an abuse of the judicial process in that they are used to censor, chill, intimidate or punish persons for involving themselves in public affairs. . . . The threat of financial liability, litigation costs and other personal losses from groundless civil actions seriously affects governmental, commercial and individual rights by significantly diminishing public participation in government, in public issues and in voluntary service . . . . It is [therefore] essential to our form of government that the constitutional rights of citizens to participate fully in the process of government be protected and encouraged . . . .

1997 Nev. Stat., ch. 387, preamble, at 1364. For this reason as well, defendants respectfully request that the Court award the full amount of the attorneys' fees and costs incurred, charged, paid and requested here in the amount of $1,014,207.93.

Dated: October 15, 2013

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: /s/ Gayle C. Sproul

Lee Levine (*pro hac vice*)
Gayle C. Sproul
Seth D. Berlin
Chad R. Bowman (*pro hac vice*)
Rachel F. Strom
321 West 44th Street, Suite 510
New York, New York 10036
Telephone: 212-850-6100
llevine@lskslaw.com
gsproul@lskslaw.com
sberlin@lskslaw.com
cbowman@lskslaw.com
rstrom@lskslaw.com

*Counsel for Defendants David A. Harris, Marc R. Stanley and National Jewish Democratic Council*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2013, I caused to be served a true and correct copy of the foregoing Statement of Defendants' Attorneys' Fees and Expenses and all accompanying documents to be served through the Court's ECF-CM system upon counsel for plaintiff as follows:

David M. Olasov, Esquire
**Olasov + Hollander LLP**
27th Floor
1325 Avenue of the Americas
New York, NY 10019
dolasov@olasov.com

L. Lin Wood, Esquire
lwood@whetriallaw.com
Amy Stewart, Esquire
astewart@whetriallaw.com
Jonathan Grunberg, Esquire
jgrunberg@whetriallaw.com
**Wood, Hernacki & Evans, LLC**
1180 West Peachtree Street N.W.
Suite 2400
Atlanta, Georgia 30309

/s/ Gayle C. Sproul