IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
SHELDON G. ADELSON,

                      Plaintiff,

    v.

DAVID A. HARRIS, MARC R. STANLEY, and
NATIONAL JEWISH DEMOCRATIC COUNCIL,

                      Defendants.
-----------------------------------------------------------------------

Case No. 12-Civ-6052-JPO
ECF Case

**DECLARATION OF
L. LIN WOOD**

    I, **L. Lin Wood**, declare as follows:

    1.    I am a partner at Wood, Hernacki & Evans, LLC, counsel for Plaintiff Sheldon G. Adelson ("Plaintiff") in this action and I am duly admitted to practice law in the State of Georgia, and admitted *pro hac vice* in the above-captioned matter.

    2.    I make this declaration in support of and to explain relevant facts underlying Plaintiff's Memorandum of Law in Response to Defendants' Statement of Fees and Costs, dated November 12, 2013.

    3.    I am lead counsel in the above-captioned matter; as such, I am intimately familiar with the amount of hours spent on the various tasks performed by Plaintiff's counsel in connection with this litigation.

    4.    Plaintiff's counsel billed no more than 500 hours total to respond to Defendants' Combined Memorandum of Law in Support Defendants' Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. No. 18), and Defendants' Combined Supplemental Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the Nevada Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. No. 57).

5.	Plaintiff's counsel billed no more than $350,000 for all tasks related to the above-captioned matter, based on no more than 1,000 hours of work, from the initial consultation with the client on July 12, 2012 through the filing of Plaintiff's Motion to File Supplemental Authority on July 24, 2013.

6.	Plaintiff's counsel billed no more than 35 hours for communications with the Court and Defendants' counsel, including drafting of letters to the Court, from the initial consultation with the client on July 12, 2012 through the filing of Plaintiff's Motion to File Supplemental Authority on July 24, 2013.

7.	Attached hereto as Exhibit A is a chart comparing the initial briefs and supporting documents filed by Defendants for their Combined Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. Nos. 18-20), and Defendants' Combined Supplemental Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the Nevada Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. Nos. 57-61). This chart was created at my direction and having reviewed it, I attest to the Court that it accurately compares the above referenced documents.

8.	Attached hereto as Exhibit B is a chart comparing the cases cited in Defendants Combined Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. No. 18), Defendants' Combined Reply Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. No 37), Defendants' Combined Supplemental Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the Nevada Anti-SLAPP Statute and

Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. No. 57), and Defendants' Combined Reply Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the Nevada Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6) and Opposition to Plaintiff's Rule 56(d) Motion for Discovery to Respond to Defendants' Special Motion to Dismiss, (Dkt. No. 72). This chart was created at my direction and having reviewed it, I attest to the Court that it accurately compares the above referenced documents.

9. Attached hereto as Exhibit C is a chart comparing the initial briefs filed by Defendants for their Combined Memorandum of Law in Support of Defendants' Special Motion to Dismiss Pursuant to the D.C. Anti-SLAPP Statute and Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. Nos. 18), and the initial Memorandum of Points and Authorities in Support of Special Motion to Dismiss the Complaint filed by Defendants' counsel Levine Sullivan Koch & Schulz, LLP in a prior, unrelated case, *Snyder v. Creative Loafing, Inc.*, No. 2011-CA-003168B (Sup. Ct. D.C. July 29, 2011). This chart was created at my direction and having reviewed it, I attest to the Court that it accurately compares the above referenced documents.

10. Attached hereto as Exhibit D is a true and correct copy of the Memorandum of Points and Authorities in Support of Special Motion to Dismiss the Complaint filed by Defendants' counsel Levine Sullivan Koch & Schulz, LLP in *Snyder v. Creative Loafing, Inc.*, No. 2011-CA-003168B (Sup. Ct. D.C. July 29, 2011).

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 12th day of November, 2013.

L. Lin Wood

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2013, a true and correct copy of the foregoing **Declaration of L. Lin Wood** was filed with the Court through the ECF-CM electronic filing system, which will automatically serve electronic notice of the same on the following counsel of record:

>Lee Levine
>Gayle Sproul
>Chad R. Bowman
>Seth D. Berlin
>Rachel F. Strom
>**LEVINE SULLIVAN KOCH & SCHULZ, LLP**
>321 West 44th Street, Suite 510
>New York, New York 10036
>Telephone: 212-850-6100
>llevine@lskslaw.com
>gsproul@lskslaw.com
>cbowman@lskslaw.com
>sberlin@lskslaw.com
>rstrom@lskslaw.com

/s/ L. Lin Wood